IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BESSIE MADDOX,

                Plaintiff,              Case No. 3:08 CV 2327

-vs-

                                        MEMORANDUM OPINION

UNITED PARCEL SERVICE, INC.,

                Defendant.

KATZ, J.

This case is before the Court on Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. (Doc. 6, 13). Plaintiff Bessie Maddox has filed a response (Doc. 11, 14), Defendant UPS has filed a reply (Doc. 15), and Plaintiff has filed a sur-reply (Doc. 16). For the reasons stated below, the Court grants Defendant's motion.

**I. Background**

    **A. Procedure**

On September 29, 2007, Plaintiff Maddox filed a prior lawsuit in this Court against Defendant UPS. *Bessie Maddox v. United Parcel Service, Inc.*, No. 07-2983 (N.D. Ohio filed Sept. 29, 2007). Before filing that suit, on August 27, 2006, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), alleging unlawful discrimination against Defendant UPS. *Id.* at Doc. 1 at ¶ 28. On July 2, 2007, Plaintiff received a Notice Of Right To Sue ("right-to-sue") letter from the EEOC that required Plaintiff to file a lawsuit "within 90 days of [] receipt". (Doc. 13 at Ex. A). Eighty-nine days later, on

September 29, 2007, Plaintiff filed the prior Complaint. The prior Complaint alleged six counts of gender, color, and race discrimination in violation of 42 U.S.C. § 1983, 42 U.S.C. § 2000e(b) ("Title VII"), and the Equal Protection Clause of the United States Constitution. *See Maddox*, No. 07-2983 at Doc. 1. On April 11, 2008, this Court dismissed Plaintiff's prior Complaint without prejudice for insufficient service of process. *Id.* at Doc. 12; (Doc. 13 at Ex. B).

Five months and twenty days later, on October 1, 2008, Plaintiff Maddox filed the present lawsuit against the same Defendant. (Doc. 1). Plaintiff's first Complaint in the present lawsuit was virtually identical to the Complaint in the prior case. It set forth the same six counts of gender, color, and race discrimination in violation of 42 U.S.C. § 1983, Title VII, and the Equal Protection Clause of the United States Constitution. (*Id.* at ¶¶ 17-42). Additionally, Plaintiff alleged two new counts of race and sex discrimination under Ohio law. (*Id.* at ¶¶ 43-50). Plaintiff alleged original jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1343(a), and supplemental jurisdiction under 28 U.S.C. § 1367(a). (*Id.* at ¶ 3). Defendant filed a motion to dismiss on October 27, 2008 for failure to state a claim and lack of subject matter jurisdiction.[1] (Doc. 6). Plaintiff then filed a motion for leave to amend the complaint, which this Court granted. (Doc. 8, 10). On December 18, 2008, Plaintiff filed an Amended Complaint. (Doc. 12). The Amended Complaint restates each of the eight counts from the October 1, 2008 Complaint (*Id.* at ¶¶ 17-50) and included two changes. First, Plaintiff included an additional state law claim of fraud. (*Id.* at ¶ 51-75). Second, Plaintiff stated that "[t]he jurisdiction of this Court is also invoked pursuant to diversity jurisdiction, 28 U.S.C. [§] 1332." (*Id.* at ¶ 3).

---

[1] The Court has not yet ruled on this motion. However this memorandum opinion addresses Defendant's arguments from this motion (Doc. 6) as well as Defendant's arguments in the second motion for failure to state a claim and lack of subject matter jurisdiction (Doc. 13).

Before this Court is Defendant's second motion to dismiss for failure to state a claim and lack of subject matter jurisdiction (Doc. 13), which advances and builds upon the same arguments in Defendant's previous motion (Doc. 6). Plaintiff has responded (Doc. 11, 14), Defendant has replied (Doc. 15), and Plaintiff has filed a sur-reply (Doc. 16).

### B. Facts

Plaintiff's Amended Complaint lays out the factual allegations in this case. (Doc. 12 at ¶¶ 10-16). On January 14, 1976, Plaintiff began working as a part time union clerk for Defendant UPS. (*Id.* at ¶ 7). On August 1, 1984, Plaintiff was made a full-time union clerk. (*Id.* at ¶ 10). Plaintiff alleges that: (1) on April 4, 1985, UPS replaced Plaintiff in her full-time job by a white female employee, and transferred Plaintiff back to her position as a part-time union clerk (*Id.* at ¶ 11); (2) on March 16, 2006, UPS told Plaintiff that she was not qualified for part-time retirement benefits because of her preceding full-time status (*Id.* at ¶ 12); and (3) on August 23, 2006, UPS replaced Plaintiff in her part-time job by a white male.

## II. Standard of Review

Generally, Fed.R.Civ.P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks. *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) *cert. denied*. 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994). A facial attack challenges the sufficiency of the pleading itself. Upon receiving such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974)). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739

(N.D.Ohio. 1997). When a Court is inquiring about whether it has subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Richie*, 15 F.3d at 598; *see also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1986). The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *Id*. The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction. *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir. 1995) *aff'd* 58 F.3d 1087 (6th Cir. 1995).

Defendant has also motioned this Court to dismiss Plaintiff's complaint based on Fed. R. Civ. P. 12(b)(6). No complaint shall be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80, (1957); *see also Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525-26 (6th Cir. 2002) (citing *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998)). When deciding a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D.Ohio 1996). The Court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court must accept all the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81, 104 S.Ct. 2229, 81 L.Ed.2d 59

(1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer*, 416 U.S. at 236. A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

**III. Discussion**

Defendant argues that (1) Plaintiff's Title VII claims are untimely; (2) Plaintiff's § 1983 claims are untimely and cannot be brought against UPS, a private company; and (3) this Court should not exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Plaintiff responds that (1) the Court should excuse the "procedural technicality" of untimeliness and allow equitable tolling to permit Plaintiff to bring Title VII claims; (2) the statute of limitations has not run on Plaintiff's § 1983 claim; and (3) even if the federal claims are dismiss, this Court retains its jurisdiction over diverse citizens.

**A. Plaintiff's Title VII Claims**

Defendant argues that Plaintiff's Complaint in the present lawsuit was filed fifteen months after Plaintiff received a right-to-sue letter, and thus, Plaintiff's Title VII claims must be dismissed. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., a plaintiff must first timely file a charge with the EEOC. *Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001); *Cox v. City of Memphis*, 230 F.3d 199, 201-02 (6th Cir. 2000). After receipt of a right-to-sue letter from the EEOC, the plaintiff has "ninety days after the giving of such notice [to file a] civil action . . . against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1); *Truitt v. Wayne County*, 148 F.3d 644, 646 (6th Cir. 1998).

Here, on July 2, 2007 Plaintiff received her right-to-sue letter. Eighty-nine days later, on September 29, 2007, Plaintiff filed the prior Complaint. On April 11, 2008, this Court dismissed

5

that Complaint without prejudice for insufficient service of process. One hundred and seventy-three days after that dismissal, on October 1, 2007, Plaintiff filed the Complaint in the instant lawsuit.

Plaintiff argues that Defendant is attempting to bar Plaintiff's Title VII claims by a procedural technicality. *See Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 460-461 (6th Cir. 1970). Specifically, Plaintiff asks the Court to toll the statute of limitations due to this procedural technicality.

Timely filing with the EEOC and obtaining a right-to-sue letter are conditions precedent, rather than jurisdictional requirements, to bringing a Title VII action and, thus, are subject to equitable tolling. *Zipes v. Trans World Airlines, Inc*., 455 U.S. 385, 398 (1982); *Rivers v. Barberton Bd. of Educ*., 143 F.3d 1029, 1031-32 (6th Cir. 1998). "The federal courts sparingly bestow equitable tolling . . . Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d a 552, 560-61 (6th Cir. 2000) (internal citations omitted) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence")). The Sixth Circuit has "identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt*, 148 F.3d at 648.

The facts of the instant case are similar to those before the Sixth Circuit in *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987). In *Wilson*, the plaintiff received a right-to-sue letter and eighty-seven days later filed a complaint in the Northern District of Ohio. *Id.* at 27. As in this case, the plaintiff's case was dismissed without prejudice because she did not timely serve the defendant in compliance with Fed. R. Civ. P. 4(j). *Id.* Eighty-five days after the dismissal, the plaintiff in *Wilson* filed an identical complaint in a second lawsuit against the defendant. *Id.* The district court dismissed the second complaint because it was not filed within the ninety-day statutory filing period. *Id.* On appeal, the plaintiff argued that the dismissal of her prior complaint without prejudice tolled the statue of limitations. The Sixth Circuit expressly rejected this argument and held that "the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statue of limitations." *Id.* at 28 (citing *Harris v. City of Canton, Ohio*, 725 F.2d 371, 376-377 (6th Cir. 1984). Furthermore, the Sixth Circuit rejected the application of equitable tolling because the plaintiff's "lack of diligence in effecting service upon [the defendant] within the necessary period cannot be the basis for an equitable tolling of the statutory filing period." *Id.*

Here, Plaintiff does not argue, nor does the Court find, that this case is distinguishable from *Wilson*. No external circumstances prevented Plaintiff from timely serving her complaint. The Court finds Plaintiff's Title VII claims untimely and grants Defendant's motion to dismiss them with prejudice.

**B. Plaintiff's 42 U.S.C. § 1983 Claims**

Defendant argues that Plaintiff fails to allege any act of discrimination that occurred within two years of the filing of the present Complaint, and thus, Plaintiff's § 1983 claims must be

7

dismissed. For purposes of 42 U.S.C. § 1983, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." 42 U.S.C. § 1988; *Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005) (citing *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003). The statute of limitations for § 1983 claims arising in Ohio is two years. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003).

Here, Plaintiff alleges that: (1) on April 4, 1985, UPS replaced Plaintiff in her full-time job by a white female employee, and transferred Plaintiff back to her position as a part-time union clerk (*Id.* at ¶ 11); (2) on March 16, 2006, UPS told Plaintiff that she was not qualified for part-time retirement benefits because of her preceding full-time status (*Id.* at ¶ 12); and (3) on August 23, 2006, UPS replaced Plaintiff in her part-time job by a white male.

Plaintiff cites *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 6 (1st Cir. 2007) for the principle that, in general, § 1983 claims accrue when the plaintiff knows or as reason to know of the injury on which the action is based. Specifically, Plaintiff argues that "[she] did not learn that Defendant, in a discriminatory fashion, is only willing to pay her a small portion of the retirement benefits she earned and is in entitled to *until* a time period within two years of the date of the filing of the complaint." (Doc. 15 at 5).

Indeed, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007); *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). Although Plaintiff claims not to have known about Defendant's discriminatory behavior within the two year statutory period, the Court finds that Plaintiff had reason to know of her injury through the exercise of reasonable diligence, and thus, her § 1983 claims are barred. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir.

8

2005); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). Courts have taken a common-sense approach to determining the exercise of reasonable diligence, inquiring as "to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt University*, 215 F.3d 543, 548 (6th Cir. 2000) (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991).

Here, Plaintiff's Amended Complaint states that "[o]n March 16, 2006, Plaintiff inquired about part-time retirement benefits under the UPS Pension Plan and was told that she was not qualified . . ." This alone is notice to Plaintiff that should have alerted her to protect her rights. This Court finds that, under the reasonable diligence standard, Plaintiff at least had reason to know of the injury in March, 2006. Furthermore, Plaintiff's Amended Complaint states that "On August 23, 2006 as a part-time employee, Plaintiff was again replaced by a white male employee . . ." The fact that this was the second time Plaintiff was replaced for allegedly discriminatory reasons supports the idea that Plaintiff had reason to know of this injury when it occurred in August, 2006. *See Kessler v. Bd. of Regents*, 738 F.2d 751, 754 (6th Cir. 1984) (When allegations of discrimination concern a termination from employment, the critical date is the date of termination). Plaintiff had two years to file suit. This suit was filed on October 1, 2008.

Plaintiff's § 1983 claims are time barred and the Court grants Defendant's motion to dismiss these claims with prejudice.[2]

**C. Plaintiff's State Law Claims**

---

[2] Defendant's alternative argument on this issue was that § 1983 claims are not applicable to Defendant UPS because UPS does not act under color of state law. Due to the Court's conclusion on the statute of limitations issue, the Court shall not address this alternative argument.

Defendant argues that because Plaintiff's federal claims have been dismissed, the Court should not exercise supplemental jurisdiction over the remaining state law claims. Plaintiff believes that this Court retains jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant is a foreign corporation not incorporated in the state of Ohio.

Under the 28 U.S.C. § 1332(c)(1), corporations are deemed citizens of "any State which it has been incorporated." Defendant has submitted a State of Ohio certificate signed in January, 2007. (Doc. 15 at Ex. A). As a result, Defendant is a citizen of Ohio. Defendants explain that UPS, Inc. is an Ohio corporation and is a wholly owned subsidiary of UPS, Co., a publically traded Delaware corporation. Since both parties are citizens of Ohio, this Court does not have original jurisdiction pursuant to 28 U.S.C. § 1332.

Under 28 U.S.C. § 1367(a), if a federal court has proper original jurisdiction over a federal question, it may also exercise jurisdiction over additional claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, a district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As explained in *Roberts v. Lucas Metropolitan Housing Authority*, 2008 WL 4114140 (N.D.Ohio August 28, 2008),

> [a] district court has original jurisdiction over a plaintiff's federal law claims and accordingly can exercise supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367(a). *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.,*[] 485 F.3d 840, 853 (6th Cir. 2007). Under 28 U.S.C. § 1367(c)(3), it was within the district court's discretion to decline to exercise jurisdiction over Plaintiffs' state law claims once it dismissed the federal claims. *Id.* In *Carnegie-Mellon University v. Cohill*, 108 S.Ct. 614, 619 fn. 7 (1988), the Supreme Court explained that in a usual case, if all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness and comity-will typically point

>toward declining to exercise jurisdiction over the remaining state law claims. *Id.; see also Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) ("Generally, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.") (quoting *United Mine Workers v. Gibbs*, 86 S.Ct. 1130, 1139 (1966) (internal quotation marks omitted)).

After careful consideration of these factors, this Court declines to accept supplemental jurisdiction. First, the federal claims cannot go forward to trial since they have been dismissed. This means that disposition of the case relies on Ohio law. Second, the parties have not invested substantial resources in litigating the case or in completing discovery. Defendant has not yet filed an Answer in response to Plaintiff's Amended Complaint. Furthermore, the state law claims as relatively new additions to this action.

Consequently, the Court grants Defendant's motion to dismiss Plaintiff's state law claims without prejudice.

**IV. Conclusion**

For the reason discussed herein, the Court grants Defendant's motion to dismiss: (1) Plaintiff's Title VII claims with prejudice; (2) Plaintiff's § 1983 claims with prejudice; and (3) Plaintiff's state law claims without prejudice.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE